UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | \* \* \* |
| v. | \* \* No. 22-mc-91226-ADB |
| JACOB GUERRERO, | \* \* |
| Defendant. | \* \* \* |

**MEMORANDUM AND ORDER GRANTING GOVERNMENT'S MOTION FOR THE REVOCATION OF A RELEASE ORDER**

BURROUGHS, D.J.

Before the Court is the Government's motion for emergency stay and the revocation of a release order issued by the Eastern District of California. See Case No. 22-mj-00056, Dkt. No. 15 (E.D. Ca. May 6, 2022). For the reasons set forth below, the Government's motion for revocation of the release order, [ECF No. 2], is GRANTED, and its request for an emergency stay, [id.], is DENIED as moot.

**I.   BACKGROUND**

On April 12, 2022, Jacob Guerrero was charged by complaint in the District of Massachusetts with the sexual exploitation of children and attempt to do so in violation of 18 U.S.C. § 2251. Case No. 22-mj-6182, Dkt. No. 1 (D. Mass. April 12, 2022). Magistrate Judge M. Page Kelley issued an arrest warrant that same day, id., Dkt. No. 5, and, on April 14, 2022, Guerrero was arrested in the Eastern District of California where he currently resides, id., (untitled docket entry on April 14, 2022 labeled "Arrest of Jacob Guerrero in Eastern District of California").

Guerrero initially appeared before Magistrate Judge Deborah Barnes on April 15, 2022 and he was ordered temporarily detained pending a detention hearing, which, following a defense request for a continuance, was set for April 20, 2022.  See Case No. 22-mj-00056, Dkt. Nos. 1, 3 (E.D. Ca.).  On that day, Guerrero appeared before Magistrate Judge Allison Claire in the Eastern District of California, where, on the Government's motion, he was ordered detained. Id., Dkt. Nos. 8, 10; see also [ECF No. 2-4 ("Order of Detention")].  Though Magistrate Judge Claire found that Guerrero had presented evidence sufficient to rebut the presumption of detention in light of the nature of the charges, discussed further below, she concluded that the Government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. [Order of Detention at 2].

On April 29, 2022, Guerrero sought re-consideration of Magistrate Judge Claire's order. Case No. 22-mj-00056, Dkt. No. 11 (E.D. Ca.); see also [ECF No. 3 at 10].  In support, Guerrero supplemented the record as follows: (1) his father, who had offered to serve as a third-party custodian, had arranged that children would no longer be present in the home, and (2) with a letter from Guerrero's therapist that said that he "fully appreciates the wrongfulness of unlawful behavior and that he is capable of understanding the conditions of the court and the importance of controlling his actions if he were to be released."  See [ECF No. 3 at 10].  Thereafter, on May 6, 2022, Magistrate Judge Claire ordered Guerrero's release subject to twenty-two conditions, [ECF No. 2-5]; Case No. 22-mj-00056, Dkt. No. 15 (E.D. Ca. May 6, 2022), including the following:

> 3. You are released to the third-party custody of Manuel Crittenden Guerrero;
>
> \*   \*   \*
>
> 11. You must not view or possess child pornography as defined by 18 USC 2256(8), except in the presence of your attorney to prepare for your defense;

12. You must not access the internet at any time. Furthermore, the wireless internet at your residence must be password protected and you must not access it at any time;

13. You must not use or possess a computer or any device capable of accessing the internet in your residence or at any other location. However, your father/third party custodian may have one password protected computer and one password protected cellular phone in the residence. The devices must be kept secured in a locked room when not in use;

14. You must not loiter or be found within 100 feet of any school yard, park, playground, arcade, movie theater, or other place primarily used by children under the age of 18;

15. You must not associate or have verbal, written, telephonic or electronic communication with any person who is under the age of 18, except in the presence of another adult who is the parent or legal guardian of the minor. Any persons under the age of 18 may not be inside your residence;

16. You must not be employed or participate in any volunteer activities in which there is the likelihood of contact with children under the age of 18;

17. You must participate in a program of medical or psychiatric treatment, including treatment for drug or alcohol dependency, as approved by the pretrial services officer.

                              *       *       *

19. You must not associate or have any contact with any victims in this case unless in the presence of counsel;

20. You must participate in the following location monitoring program component and abide by all the requirements of the program, which will include having a location monitoring unit installed in your residence and a radio frequency transmitter device attached to your person.

21. **HOME INCARCERATION**: You must remain inside your residence at all times except for medical needs, testing, or treatment; religious services; AA meetings; and Court appearances preapproved by the pretrial services officer; and,

22. You must be escorted by your third party custodian or a responsible third party pre-approved by the pretrial services officer to all activities/services, and you must be escorted to and from Court appearances in the District of Massachusetts.

[ECF No. 2-5].

The Court then granted the Government's request for a 14-day stay of the release order, Case No. 22-mj-00056, Dkt. No. 14 (E.D. Ca.), and, on May 18, 2022, the Government filed the instant motion for an emergency stay of the Magistrate Judge's release order and for revocation of the order pursuant to 18 U.S.C. § 3145(a), [ECF No. 2].

II. **LEGAL STANDARD**

"Under the Bail Reform Act, 18 U.S.C. § 3142, release of a defendant is warranted if there are conditions of release that will reasonably assure the defendant's appearance and the safety of others and the community." United States v. McForbes, 109 F. Supp. 3d 365, 366–67 (D. Mass. 2015).

Pursuant to § 3142(e)(3)(E), a rebuttable presumption of detention exists in offenses involving a minor victim. To rebut that presumption, defendant must produce "some evidence" that a condition or combination of conditions can reasonably assure the appearance of a person and safety of the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). "If defendant produces such evidence, the burden of persuasion shifts to the government to prove that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant and protect the safety of the community." United States v. Cross, 389 F. Supp. 3d 140, 142 (D. Mass. 2019) (citing United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017)).

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
>> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>>
>> (2) the weight of the evidence against the person;

4

>> (3) the history and characteristics of the person, including—
>>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . .

18 U.S.C. § 3145(a).

When the Court reviews an order regarding pretrial detention, it "must engage in *de novo* review of the contested order." United States v. Diaz, 456 F. Supp. 3d 320, 322 (D. Mass. 2020) (citing Oliveira, 238 F. Supp. 3d at 167). "In doing so, the Court may reject the magistrate judge's fact finding and start the hearing anew or may accept the findings of fact made by the magistrate and hear additional facts and argument." Id.

### III.   DISCUSSION

Having carefully considered the parties' submissions and their respective arguments, the Court concludes that the Government has sufficiently demonstrated that there is no condition or combination of conditions that will reasonably protect the safety of the community. Pretrial detention is therefore appropriate.

All four factors to be considered in reaching this determination weigh heavily against Guerrero. First, the nature of the offense and the weight of evidence against him

overwhelmingly support pretrial detention.  See 18 U.S.C. § 3142(g)(1)–(2).  As noted above, because Guerrero's charges involve a minor victim, a presumption of detention exists.  18 U.S.C. § 3142(e)(3)(E).  Specifically, the charges against him involve serious, calculated and disturbing conduct, with Guerrero targeting and stalking minors in their homes over the course of several weeks with the intent of surreptitiously recording them for sexual exploitation.  The evidence against Guerrero, documented largely by the defendant himself, is abundant and largely irrefutable.

Evidence seized from Guerrero's iPhone, obtained pursuant to a federal search warrant issued on December 17, 2021, revealed that over the course of several weeks in March 2021 Guerrero clandestinely recorded videos of children in their homes with the intent of capturing them while undressing and naked.  In planning and executing these deeply personal violations, he conducted elaborate surveillance of at least three different homes.  See [ECF No. 2-1 ¶¶ 12–24 (Affidavit in Support of Application for a Complaint and Arrest Warrant ("Warrant Affidavit"))]; see also [ECF No. 3 at 2–4].  Disturbing notes from his phone document the schedules of children and their family members, including times when children would be dressing or undressing, showering, and when parents would be present.  [Id.]  Guerrero also noted circumstances that would benefit, "[g]ood trees," [Warrant Affidavit ¶ 22], or impede, "[m]otion lights and dog:([,]" his plans, [id. ¶ 20].  Examples of his notes include:

> [Street Address of Minor]
> 4
> Two cars, mom/dad, 2 daughters, 1 son
> Thursday 3/4 – two daughters home just after 8pm, younger
> showered right away. older changed right away.
> 1st car back at 8. 2nd around 820 with son

*     *     *

> Wednesday 3/17

6

> 8-8:35
> Youngest changes at 8:07, appears to be no shower today or
> Monday, maybe every other day? Went into parent's room
> 8:10-825ish. Oldest sitting downstairs on computer whole
> Time, already changed, no shower. Probably same thing she
> Did on Monday 3/155

[Warrant Affidavit ¶ 19].  In stalking one 11-year-old female child, identified as Minor A, Guerrero climbed onto the roof of her home to record her naked through her bedroom window. [Warrant Affidavit ¶¶ 14–17; ECF No. 3 at 2–4].  In a letter to the Court, Minor A's parents wrote that they were "horrified and sickened to learn that [their] daughter's privacy was violated" in the space where she "deserve[d] to feel most safe and protected" and expressed deep, undeserved guilt about what they could have done to further protect their child. Undocketed Letter to Court from Parents of Minor A, dated April 15, 2022.

Next, the Court finds that Guerrero's personal history and characteristics support the conclusion that he poses a danger to the community and a particularly high risk to children that cannot be sufficiently alleviated short of detention.  See 18 U.S.C. § 3142(g)(3)–(4).  The charges underlying the instant case are only one example of Guerrero's long history of sexual offenses against children.  While a minor himself, Guerrero committed a contact sexual offense against a minor family member, who was just three years old at the time.  [ECF No. 3 at 5; ECF No. 2-2].  Another minor family member has since reported to California authorities that Guerrero repeatedly sexually assaulted her as well.  [ECF No. 3 at 5; ECF No. 2-3].  Importantly, given the proposed release conditions, these events occurred within the family home or under the supervision of family members.  [Id.].  Further still, in September 2021, Guerrero was arrested on Massachusetts state charges for trying to surreptitiously record female minors in public bathrooms and changing rooms at a shopping mall.  [Warrant Affidavit ¶¶ 4–7; ECF No. 3 at 5–9].  Guerrero, disguising himself by wearing a wig and women's clothing, used pen cameras

7

affixed to his shoes to film customers using the bathrooms and changing rooms in the mall. [Warrant Affidavit ¶ 4]. Store employees identified Guerrero and reported that a customer had complained that he was waving his foot, where the camera was affixed, at the dressing room while the customer's teenaged daughter was changing. [Id. ¶ 6]. A subsequent search of his phone uncovered "videos and images of unsuspecting victims [] nude, or partially nude that were surveilled and recorded at the Wrentham Village Outlets from July 31, 2021 to August 24, 2021." [Id. ¶ 5]. Additional searches of the phone later revealed even more clandestine recordings from other locations, dating as far back as 2019, depicting "both adults and a number of apparent children under the age of 18, who did not appear to know they were being recorded . . . in bathrooms, bedrooms, and other locations. . . ." including in his family home and on a family vacation. [Id. ¶ 8, ¶¶ 9–11; ECF No. 3 at 9, 23]. Guerrero asserts that he has produced more than sufficient evidence to rebut the presumption of detention, see [ECF Nos. 8, 8-1], but the Court finds that the danger he poses to children and the community cannot not be sufficiently mitigated by the conditions suggested.

     Although the Court understands that Guerrero now lives in California where he has a strong family support system and that he has agreed to home confinement, the Court cannot conclude that, at this time, these facts would sufficiently reduce the risk of danger to children and others given the history of the defendant and the nature of the allegations currently pending against him. Confinement to a family residence cannot adequately secure the safety of the community when Guerrero has committed past offenses against minor family members and children of family friends while under the supervision of family members and in family homes. As the Government rightly points out, electronic monitoring offers no assurance in this case, where the risk of flight is not the dominant concern and the defendant can, and has, committed

crimes in what would be the proposed monitoring radius.  See United States v. Tortora, 922 F.2d 880, 887 (1st Cir. 1990); see also Oliveira, 238 F. Supp. 3d at 168.

In this case, restrictions on internet access are also insufficient measures to protect the community or to keep the defendant from committing further crimes.  In general, restricting computer and internet use in a home shared with others is difficult and, in any event, the internet was not the main tool or platform for Guerrero's alleged offenses.  While the Court recognizes the renewed commitment of his family to supervise Guerrero, and the pain and hardship his offenses have surely caused his family, the Court cannot find that his family is now capable of creating conditions sufficient to reduce the risk of further harm to others.  The Court's obligation here is clearly to protect potential victims, particularly given the heinous nature of the alleged conduct and the fact that the wellbeing of children is at stake.

Guerrero additionally contends that his good behavior and steps towards rehabilitation in the months between his last alleged offense and this arrest, during which he did not engage in any known criminal conduct, actively distanced himself from children, and engaged in various rehabilitative programs, demonstrates that he is no longer a risk to his community.  See [ECF No. 8-1 at 4–6, 16–17, 22–26].  Although the Court acknowledges Guerrero's professed remorse, the letters submitted on his behalf, and his seeming commitment to treatment, the Court cannot conclude that this outweighs the other factors that the Court must consider—almost all of which weigh heavily against him.

In sum, the Court concludes that there is no condition or combination of conditions, including home confinement, that will assure the safety of the community.  The charges here are upsetting and malevolent, and the evidence is strong.  Guerrero's pattern of conduct reveals an ability and a willingness to deliberately and methodically execute a well-conceived plan to

exploit innocent children who are among the most vulnerable members of our community. The Court cannot conceive of any condition or combination of conditions that will stop his behavior or ensure the safety of the community.

## IV.     CONCLUSION

The Court, in conducting its *de novo* review, finds that the Government has shown clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of others if Guerrero were released. The Government's motion for revocation, [ECF No. 2], is therefore <u>GRANTED</u> and the Order Setting the Conditions of Release, Case No. 22-mj-00056, Dkt. No. 15 (E.D. Ca. May 6, 2022), is hereby <u>VACATED</u>. This Court <u>ORDERS</u> that Defendant is <u>REMANDED</u> to the custody of the United States Marshals to be held pending trial. The Government's request for an emergency stay, [ECF No. 2], is <u>DENIED</u> as moot.

**SO ORDERED.**

May 20, 2022                                                                       <u>/s/ Allison D. Burroughs</u>
                                                                                              ALLISON D. BURROUGHS
                                                                                              U.S. DISTRICT JUDGE